

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 12, 2021

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Mario Alberto Ramos*,
              20 Cr. 29 (JPO)

Dear Judge Oetken:

      The Government respectfully submits this letter in advance of defendant Mario Alberto Ramos's sentencing. For the reasons set forth below, the Government submits that a sentence within the applicable Guidelines Range of 135 to 168 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A.  Background**

      On December 13, 2019, law enforcement conducting a narcotics investigation were tracking a tractor trailer (the "Truck") as it made its way from the West Coast to the New York City area. (Presentence Report dated February 1, 2021 ("PSR") ¶ 10.) The law enforcement officers had previously been alerted to the Vehicle and it was not its first trip to the East Coast transporting narcotics. Both the defendant and his co-defendant Carlos Alberto Ramirez were driving the Truck cross-country.

      By approximately noon on December 15, 2019, the Truck arrived at a parking lot in New Jersey. (*Id.*) Several hours later, an SUV transporting co-defendant Jose Luis Disla Melo arrived. Ramirez exited the Truck, carrying a red bag. He then walked to meet with Disla Melo and returned to the Truck empty-handed. (*Id.*) Law enforcement pursued Disla Melo, stopped him, and recovered approximately nine kilograms of fentanyl. (*Id.* ¶ 11.) Ramirez then left the parking lot.

      Later that day, a vehicle driven by co-defendant Lorenzo Maciel Solorio arrived at the parking lot, and the defendant exited the Truck carrying a grey bag. The defendant and Solorio were arrested as the defendant exited Solorio's vehicle carrying a bag of cash. Approximately one kilogram of fentanyl pills was recovered from Solorio's vehicle. (*Id.* ¶ 12.)

Following his arrest, the defendant was advised of his *Miranda* rights, waived those rights, and led law enforcement to an additional approximately twenty kilograms of a mixture of fentanyl and heroin, as well as approximately $100,000 in cash. (*Id.* ¶ 13.)

The defendant was presented on a criminal complaint the day after his arrest, December 16, 2019. He has been detained since that date. On January 13, 2020, a grand jury returned Indictment 20 Cr. 29, charging the defendant with conspiring to commit narcotics trafficking. (Dkt. No. 12.) On November 10, 2020, the defendant pled guilty before the Court, remotely pursuant to the CARES Act and pursuant to a plea agreement with the Government. The defendant opted not to seek safety-valve relief and is subject to a five-year mandatory minimum sentence.

**B.  Discussion**

    **1.  Applicable Law**

As the Court is aware, the Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Guidelines Sentence Is Reasonable in This Case

The Government respectfully submits that a sentence within the applicable Guidelines Range of 135 to 168 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

The Section 3553(a) factors most applicable in this case include the nature and seriousness of the offense, the need to provide just punishment for the offense, the need to promote respect for the law, and the need to afford adequate deterrence to criminal conduct.

The offense conduct involved the defendant's knowing involvement in high-volume narcotics trafficking. At the time of the defendant's arrest, he had transported more than twenty kilograms of deadly opioids—fentanyl and heroin—as well as $100,000 in narcotics proceeds. As the Court is well aware, fentanyl and heroin are both highly addictive and deadly substances that have been integral to the nation's ongoing opioid epidemic.

The defendant claims that he engaged in this drug trafficking out of fear. He also claims that he is similarly culpable to his co-defendant, Ramirez. This latter claim is inconsistent with the acknowledged reality that it was Ramos, not Ramirez, who was responsible for coordinating with more senior drug traffickers. It was Ramos who was responsible for acquiring the narcotics designated for cross-country trips, and it was Ramos who obtained the information regarding where and how the narcotics should be delivered. As the facts of Ramos's arrest also make clear, Ramos was trusted to collect large amounts of money, including the $100,000 cash in the truck at the time of his arrest.

Ramos's claim that he is similarly culpable to Ramirez is also inconsistent with Ramirez's account. As Ramirez explained to the Court in his sentencing submission (Dkt. No. 33), Ramos was the one who approached Ramirez about the prospect of transporting narcotics and drug proceeds. Indeed, according to Ramirez, Ramirez had no interaction with more senior members of the drug trafficking organization, and Ramirez only vaguely understood the type of substances that he and Ramos transported.

As for the defendant's claims of being motivated by fear, the Government doubts, but cannot disprove, that fear caused the defendant to choose to transport drugs cross-country over multiple occasions. But the Government rejects the contention that Ramos's role is that of a mere courier. Ramos arranged with "bosses" to transport tremendous quantities of deadly opioids cross-country. This conduct was repeated. Ramos was sufficiently trusted, not only to transport these valuable substances, but also to transport large amounts of cash. And Ramos claims he did what he was told (Def. Subm'n 4), but, at a minimum, Ramos also directed Ramirez.

The defendant's minimization of his conduct, and equating his own role with that of Ramirez suggests a failure to fully accept responsibility which should be considered by the Court as it relates to the defendant's circumstances and the need for deterrence.

## C. Conclusion

      For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 135 to 168 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      United States Attorney

                          By: _____
                                      Daniel G. Nessim
                                      Assistant United States Attorneys
                                      (212) 637-2486