UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MARIO ALBERTO RAMOS,

Defendant.

---

20-CR-29 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Defendant Mario Alberto Ramos is serving a sentence of 60 months' imprisonment following his conviction for trafficking significant quantities of fentanyl. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the Defendant's medical conditions and other considerations. The Government has opposed Defendant's motion. (*See* Dkt. Nos. 75, 83.)

## I.     Legal Standards

### A.     Sentence Reduction Under the First Step Act

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including

1

where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute. 976 F.3d at 236. Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The court further explained:

> It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

### B.     Exhaustion

The First Step Act also contains an exhaustion requirement. It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

**II.    Discussion**

On March 11, 2021, the same day as his sentencing hearing, Defendant wrote to his warden requesting a sentence reduction. The BOP denied his request on March 16, 2021. Defendant has satisfied the exhaustion requirement of the First Step Act, and Defendant's motion is properly before the Court.

Defendant is a 60-year-old man who suffers from hypertension, hyperlipidemia, obesity, and pre-diabetes. He is fully vaccinated against Covid-19, having received both doses of the Pfizer vaccine earlier this year.

Despite Defendant's health conditions, the Court does not find "extraordinary and compelling reasons" that warrant his release at this time, nor would such early release be justified based on the factors set forth in 18 U.S.C. § 3553(a). Because Defendant has been fully vaccinated, Covid does not present the acute risks it did earlier in the pandemic. And for all the reasons addressed at sentencing, Defendant's crime was serious, involving trafficking large amounts of an extraordinarily dangerous drug.

To be sure, Defendant's age, health conditions, and his exemplary disciplinary and work record while incarcerated make him a sympathetic candidate for potential early release. The Court believes that he is remorseful and is unlikely to re-offend. However, the Defendant has served only 19 months of a 60-month sentence. Moreover, given the large quantity of fentanyl he transported, he would ordinarily be subject to a ten-year mandatory minimum were it not for the Government's lesser-included plea offer. In short, the considerations of respect for the law, the seriousness of the offense, and deterrence weigh against early release at this point.

Finally, Defendant argues that he is similarly situated to a co-defendant, Ramirez, who was sentenced to 18 months' imprisonment. Unlike the Defendant here, however, Ramirez

proffered with the Government and satisfied all the statutory requirements of the safety valve, thus making the five-year mandatory minimum inapplicable as a matter of law. Ramos decided not to do so, and a consequence of that decision was five-year mandatory minimum sentence. Treating Ramos as similarly situated to Ramirez would ignore the statute setting forth specific criteria for safety-valve relief.

### III.     Conclusion

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is denied.

The Clerk of Court is directed to close the motion at Docket Number 75.

SO ORDERED.

Dated: July 23, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge